UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER WALLS,<br><br>                     Plaintiff,<br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA (d.b.a. Nevada Southern Detention Center),<br><br>                     Defendant. | Case No. 2:14-cv-02201-KJD-PAL<br><br>**ORDER**<br><br>(Mot. Appt Counsel – ECF No. 27;<br>Mot. for Status Hr'g – ECF No. 29) |

        This matter is before the court on Plaintiff Alexander Walls' Motion for Appointment of Counsel (ECF No. 27) and Motion for Status Hearing (ECF No. 29). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions and Defendant Corrections Corporation of America's Responses (ECF Nos. 28, 30). No reply briefs were filed and the deadlines for doing so have now expired.

**BACKGROUND**

        Mr. Walls is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary Terre Haute. This action was commenced on December 24, 2014, with the filing of a complaint by Walls' then counsel, who has since been granted leave to withdraw from the case. *See* Order (ECF No. 25) (granting Motion to Withdraw (ECF No. 23) by Paul Padda and John Shannon). The Complaint (ECF No. 1) alleges that Defendant Corrections Corporation of America ("Defendant") owns and operates the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada. *Id*. ¶ 5. While he was incarcerated at NSDC in January 2014, Mr. Walls was attacked by another inmate and stabbed in his left eye with a "shank." *Id*. ¶ 6. He began to bleed profusely from that eye and was provided a towel to clean himself up, but was not offered

any immediate medical assistance. *Id*. Defendant's personnel later determined that Walls needed emergency medical care, but took no steps to transport him to an appropriate medical facility for treatment until nearly five hours had passed. *Id*. ¶ 7. He was eventually transported to the trauma unit at University Medical Center ("UMC") in Las Vegas. *Id*.

Upon arrival at UMC, Walls underwent emergency surgery for "evisceration of the left eye." *Id*. ¶ 8. A board certified ophthalmologist, Thomas Kelly, M.D., operated on him but the doctor was unable to save his eye. *Id*. Dr. Kelly later informed Walls' father that his son's eye may have been saved if Walls had been transported sooner. *Id*. As a result of stabbing incident and the significant delay in emergency medical care, Mr. Walls "has lost complete vision and functionality of his left eye rendering him permanently disabled." *Id*. ¶ 9. Walls states claims against Defendant for negligence and intentional infliction of emotional distress. *Id*. at 3–4. He seeks compensatory damages of at least $15 million, exemplary and punitive damages, litigation costs and attorney's fees. *Id*. at 5.

Service of process was executed and Defendant filed an Answer (ECF No. 13) on June 23, 2015, without filing a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. On August 17, 2015, the court entered a Scheduling Order (ECF No. 17) approving the parties' Proposed Joint Discovery Plan (ECF No. 16), which requested special scheduling review. The Scheduling Order set the following deadlines: (i) amending pleadings, adding parties, Plaintiff's expert disclosures – December 24, 2015; (ii) Defendant's expert disclosures – January 22, 2016; (iii) rebuttal expert disclosures – February 22, 2016; (iv) discovery cut-off – March 23, 2016; (v) dispositive motions – April 22, 2016; and (v) pre-trial order – May 23, 2016, or 30 days after a decision on a dispositive motion.

On December 24, 2015, the court entered an Order (ECF No. 22) approving the parties' stipulation and extending the following discovery deadlines: (i) Plaintiff's expert disclosures – April 1, 2016; (ii) Defendant's expert disclosures – May 2, 2016; (iii) rebuttal expert disclosures – June 1, 2016; (iv) discovery cut-off – July 1, 2016; (v) dispositive motions – August 1, 2016; and (v) pre-trial order – September 1, 2016, or 30 days after a decision on a dispositive motion. Notably, neither party filed a dispositive motion before the August 1, 2016 deadline.

On March 29, 2016, Walls' counsel, Paul Padda and John Shannon filed a Motion to Withdraw (ECF No. 23) from this case. Counsel represented that Mr. Walls was incarcerated at NSDC in Pahrump when the case began but was subsequently transferred to a facility in Indiana. Counsel's attempts to communicate with Walls after the transfer were unsuccessful. Counsel asserted that Mr. Walls' relocation to Indiana rendered the litigation of this matter significantly burdensome for counsel, both logistically and financially. The court, therefore, granted counsel's motion and gave Walls until May 19, 2016, to either retain substitute counsel or file a notice indicating that he will be proceeding *pro se*, meaning that he is representing himself. *Id.* at 2.

On May 12, 2016, Mr. Walls filed a Notice of Appearing Pro Se (ECF No. 26) and Motion for Appointment of Counsel (ECF No. 27). He filed the notice to comply with the court's directive and indicates that he is representing himself until he can retain new counsel. Additionally, Walls asserts that the nature of this litigation is too complex and difficult for him to litigate as a layman. Due to the severity of the damage he sustained to his optical nerves, Mr. Walls maintains that the interests of justice and the convenience of the court warrant the appointment of counsel. Defendant's Opposition (ECF No. 28) states that Walls has not demonstrated the "exceptional circumstances" necessary to justify an appointment of counsel.

On June 10, 2016, Walls filed a Motion for Status Hearing (ECF No. 29). He explains that his prior counsel has possession of his case file and information necessary to respond to Defendant's discovery requests; thus, Walls asks the court to set this matter for a status conference. Defendant's Opposition (ECF No. 30) to this motion asserts that a status conference is not feasible or necessary at this time because Mr. Walls should be able to respond to the majority of the requests at issue based solely on his personal knowledge and documents already in his personal possession. However, Defendant acknowledges that Walls is not likely to have certain responsive documents such as his expert's files and any texts treatises, or other documents relied upon by Walls' experts to support their opinions. If Walls needs additional documents that are in his former attorney's possession, he should write or call his former

///

1 attorney. Therefore, the request for a status hearing should be denied, and the court should order
2 Walls to immediately respond to Defendant's written discovery requests.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an indigent litigant. The court cannot require counsel to represent a party under this statute, or direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

Attorneys admitted to practice in the District of Nevada have a strong tradition of providing pro bono representation to indigent litigants in civil cases. General Order 2014-01 established the Pilot Pro Bono Program ("Program") through which volunteer lawyers provide their time and resources to preserve access to justice for individuals unable to afford counsel and these lawyers greatly assist the court in the performance of its mission. At any time during the course of litigation, the court may exercise its discretion to refer the case to the Program for the appointment of pro bono counsel. However, referral to the Program is not an endorsement of the merits of the case and it does not guarantee that an attorney will be willing and available to accept the appointment.

Based on the procedural posture of this case, the court finds good cause to grant Mr. Walls' motion and refer the case to the Program. This case is, therefore, referred to the Program for the purpose of screening for financial eligibility and identifying counsel willing and available to be appointed as pro bono counsel. The scope of appointment shall be for all purposes through the conclusion of trial.

With regard to Mr. Walls's Motion for Status Hearing (ECF No. 29), the court finds that the issues raised in the motion may be addressed by counsel through the meet and confer process should pro bono counsel be appointed. Thus, the motion will be denied without prejudice.

Accordingly,

/ / /

4

**IT IS ORDERED:**

1. Plaintiff Alexander Walls' Motion for Appointment of Counsel (ECF No. 27) is GRANTED.
2. This case is referred to the Pilot Pro Bono Program for appointment of counsel for the purposes identified herein. By referring this case to the Program, the court is not expressing an opinion as to the merits of the case or guaranteeing that a volunteer lawyer will be willing and available to accept the appointment.
3. The Clerk of the Court is instructed to mail Mr. Walls a copy of General Order 2014-01 with this Order.
4. The Clerk shall also forward a copy of this order to the Pro Bono Liaison.
5. Mr. Walls's Motion for Status Hearing (ECF No. 29) is DENIED without prejudice.

Dated this 15th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE