UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXANDER WALLS,<br><br>                        Plaintiff,<br>v.<br><br>CORECIVIC, INC.,<br><br>                        Defendant. | Case No. 2:14-cv-02201-KJD-PAL<br><br>**ORDER**<br><br>(Mots. to Compel – ECF No. 37, 42;<br>Mot. for Order – ECF No. 47;<br>Mot. Ext. Disc. – ECF No. 49) |

This matter is before the court on pro se Plaintiff Alexander Walls' Motion to Compel Discovery Materials (ECF No. 37). The court has considered the Motion, and Defendant CoreCivic, Inc.'s ("CoreCivic") Response (ECF No. 38). No reply was filed and the deadline to do so has now expired. Also before the court are CoreCivic's Motion to Compel Responses to Written Discovery (ECF No. 42), Motion for Order (ECF No. 47), and Motion to Extend Discovery Deadlines (ECF No. 49). Mr. Walls did not respond to CoreCivic's Motion to Compel and the deadline to do so has now expired. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Walls is a prisoner currently in the custody of the Federal Bureau of Prisons in Coleman, Florida. In September 2016, the court entered an Order (ECF No. 31) granting Walls' Motion for Appointment of Counsel (ECF No. 27) and referring this case to the Pilot Pro Bono Program. The order stated the court could not guarantee a volunteer lawyer would be willing and available to accept the appointment. CoreCivic subsequently requested new discovery deadlines. *See* Mot. Set Discovery Deadlines (ECF No. 32).

Despite diligent attempts to find a volunteer lawyer for nearly a year, the Pilot Pro Bono Program was unable to find a lawyer to take this case. To prevent any further delay, the court

granted CoreCivic's motion and set the following new discovery deadlines: (a) close of discovery: March 28, 2018; (b) expert disclosures: January 26, 2018; (c) rebuttal expert disclosures: February 26, 2018; (d) interim status report: January 26, 2018; (e) extensions or modifications of the discovery plan and scheduling order: March 8, 2018; (f) dispositive motions: April 27, 2018; and (g) joint pretrial order:[1] May 28, 2018. *See* Sept. 29, 2017 Order (ECF No. 34).

## **DISCUSSION**

Parties and their counsel should strive to be cooperative during discovery and should only seek judicial intervention "in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citation omitted). Under the Federal Rules of Civil Procedure[2] and the Local Rules of Civil Practice, filing a motion with the court is not the proper procedure for requesting written discovery materials from a party. Once the court enters a scheduling order, the parties are permitted to engage in discovery. *See* Fed. R. Civ. P. 16; LR 16-1(b). Discovery requests must be served *directly on opposing parties*, who then have 30 days to respond. *See* Fed. R. Civ. P. 34. The Local Rules also state:

> *Unless the court orders otherwise, written discovery, including discovery requests*, discovery responses, deposition notices, and deposition transcripts, *must not be filed with the court*. Originals of responses to written discovery requests must be served on the party who served the discovery request, and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the court….

LR 26-8 (emphasis added). The court may strike improperly filed discovery documents from the docket. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

A party served with written discovery requests is obligated to provide complete and truthful responses to all types of discovery requests. *See* Fed. R. Civ. P. 26(g)(1). Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C). Rule 26(e) requires a party to supplement or

---

[1] In the event dispositive motions are timely filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision is issued on the dispositive motions.

[2] Any reference to a "Rule" or the "Rules" in this Order refers to the Federal Rules of Civil Procedure.

correct its initial disclosures or discovery responses in a timely manner if the party learns "the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

A motion to compel discovery may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. *See* Fed. R. Civ. P. 37(a); LR 26-7. The Local Rules state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f).

Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery request "is to be treated as a failure to disclose, answer, or respond." *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). A party who fails to comply with its initial disclosure requirements and duty to timely supplement or correct disclosures or responses may not use any information not disclosed or supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

I. **WALLS' MOTION TO COMPEL DISCOVERY**

Mr. Walls' motion (ECF No. 37) indicates that he received written discovery requests from CoreCivic's counsel in October 2017. He is receiving assistance from his case manager and counselor at the corrections facility to comply with the requests. Walls states he has not received his case file from his previous attorney despite writing counsel a letter requesting the file and having his counselor leave counsel multiple voicemail messages. The motion also lists eight discovery requests directed at CoreCivic. He states he can only obtain the requested information

3

by filing a motion to compel and asking for the court's assistance.

CoreCivic's Response (ECF No. 38) asserts that the motion is procedurally improper and should therefore be denied. The motion violates both the federal and local rules because Walls failed to: (1) serve his written discovery requests on CoreCivic prior to filing the motion; (2) meet and confer with counsel for CoreCivic prior to filing the motion or attach a certification to his motion regarding his meet and confer efforts; or (3) serve the motion on CoreCivic. Thus, CoreCivic asks the court to deny the motion. Walls did not file a reply in support of his motion.

The court will deny Mr. Walls' motion because a motion to compel is not the means to obtain discovery from opposing parties. The motion will be denied without prejudice to allowing Wall to serve CoreCivic with a request for production of documents under Rule 34 and/or interrogatories under Rule 33. Wall has been served with discovery requests from CoreCivic and is therefore aware of the forms for making discovery requests. A motion to compel may only be filed if a party timely served with discovery requests refuses to respond, or objects to some or all of the discovery requested, and only after the parties attempt to resolve their discovery disputes without the court's intervention. CoreCivic will have 30 days from service of Walls discovery requests to serve its responses.

Both sides must comply with the meet and confer requirement imposed by Rule 37(a) and the Local Rules before filing a motion to compel. The parties must engage in a good faith effort to meet and confer to resolve their dispute before filing a motion to compel seeking court intervention. Because Walls is in custody and unable to meet and confer in person, he may comply with his obligations by communicating with opposing counsel in writing or, if available to him, by phone. Additionally, if a motion to compel is filed Walls must comply with the requirements of LR 26-7, which applies to all discovery motions.

The court understands it is difficult for an unrepresented person to prosecute a federal lawsuit. However, if Walls wants to pursue his claims he must familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice, and the substantive law that applies to his claims and the defendant's defenses. Mr. Walls should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Civil

4

Practice to ensure he follows the appropriate procedures.[3]

## II. CoreCivic's Motion to Compel

CoreCivic's motion (ECF No. 42) asserts that its counsel's efforts to obtain basic discovery from Walls have been repeatedly and continuously hampered for over two years. CoreCivic first served interrogatories, requests for production, and requests for admissions on Mr. Walls' former counsel in December 2015. Walls' counsel timely responded to the requests for admissions, but not the interrogatories or requests for production.[4] After his counsel withdrew from the case, defense counsel served new copies of the interrogatories and requests for production on Mr. Walls in May 2016. Walls acknowledged receipt of the discovery requests, but he claimed he could not answer them because he had not received certain documents still in his former counsel's possession. *See* June 10, 2016 Mot. for Status Check (ECF No. 29).

The court set new discovery deadlines on September 29, 2017. *See* Order (ECF No. 34). Two weeks later, on October 13, 2017, defense counsel sent a letter to Walls requesting responses to the outstanding interrogatories and requests for production based on his personal knowledge independent of any documents that may be contained in his former counsel's files, and asking him to sign and return the releases attached to the requests for production. Mot. Ex. A (ECF No. 42-2). Mr. Walls was warned that defense counsel would file a motion to compel if he failed to provide responses and signed releases by November 1, 2017. *Id.*

Mr. Walls failed to provide his responses by November 1, 2017. Thus, defense counsel arranged for a telephone call with Mr. Walls, which occurred on November 9, 2017. *See* Mot. Ex. 1 (ECF No. 42-1), Decl. of Jacob B. Lee, ¶ 5. During the call, Mr. Walls said he still did not have

---

[3] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website at http://www.nvd.uscourts.gov/.

[4] LR 26-7(b) states, "All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it." In addition, LR IC 2-2 instructs filers "provide to chambers a paper copy of all electronically filed documents that exceed 50 pages in length, including exhibits or attachments." CoreCivic's motion does not attach the interrogatories or requests for production, but instead incorporates the documents by reference from a previous filing. *See* Def.'s Response to Pl.'s Mot. Status Check (ECF No. 30), Ex. 1 - Interrogatories (ECF No. 30-1), Ex. 2 - Requests for Production (ECF No. 30-2). This practice is disfavored as it forces the court to hunt through the docket for relevant documents and it may also violate the Local Rules where, as here, the omitted documents would push a filing over the 50-page threshold requiring a courtesy copy.

his case file from his former counsel, and he was incarcerated in a special housing unit that did not give him access to his legal property. *Id.* ¶ 6. However, Mr. Walls was confident he would be able to obtain the discovery requests from his legal property, and he indicated he would provide responses to the interrogatories based on his personal knowledge by November 23, 2017. *Id.* ¶ 7.

Defense counsel received a letter from Mr. Walls dated November 14, 2017, titled "In Response to the Things You Requested In Regard to My Memory." Mot. Ex. B (ECF No. 42-3). Mr. Walls lists eight correctional facilities in which he has been incarcerated, along with a brief description of the crimes for which he was incarcerated. *Id.* Mr. Walls did not specifically cite the interrogatories to which he was responding; however, the information provided was partially responsive to Interrogatory Nos. 1 (prior arrests and/or convictions) and 3 (correctional or detention facilities in which Mr. Walls has been incarcerated). The motion asserts that the partial responses suggest Mr. Walls obtained his copies of the interrogatories from his legal property, yet failed to provide complete responses to Interrogatory Nos. 1 and 3 or any responses to the remaining 18 Interrogatories or any of the 26 Requests for Production.

Defense counsel sent a letter to Mr. Walls dated November 21, 2017, asking him to provide complete responses by December 1, 2017, to avoid a motion to compel. Mot. Ex. C (ECF No. 42-4), Letter to Mr. Walls. However, to date, CoreCivic has received nothing further from Mr. Walls.

The court finds that Mr. Walls has not complied with his discovery obligations in this case. However, the court also finds that defendant's discovery requests are patently overbroad. Additionally, CoreCivic demanded that Walls respond within an unreasonable period of time, especially because he is a prisoner incarcerated in Florida. The court will therefore deny CoreCivic's motion to compel without prejudice to serving Walls with more narrowly tailored discovery requests proportional to this case. Once served, Mr. Walls will have 30 days to respond. He must make a good faith effort to fully respond to CoreCivic's interrogatories and provide the facts that he alleges support his claims. He must also produce any documents in his care, custody, or control that support his claims. If Mr. Walls does not know or does not have the requested information, he should simply state this in his responses. He must provide a full and complete response to each individual request.

Rule 34 requires that the party upon whom a request is made be in possession, custody, or control of the requested documents. *See* Fed. R. Civ. P. 34(a)(1); *Estate of Young v. Holmes*, 134 F.R.D. 291, 293 (D. Nev. 1991). Where a party does not have possession, custody, or control of the documents or information requested, he should simply state so in his response to that particular document request. By signing discovery requests and responses a party or attorney certifies "that to the best of the person's knowledge, information and belief formed after reasonable inquiry" the response is complete and correct at the time it is made, and both the requests and responses are consistent with the Federal Rules. *See* Fed. R. Civ. P. 26(g). The court cannot compel a party to produce documents or information he genuinely does not possess. However, Mr. Walls is advised that he may not be allowed to use any evidence that was not timely disclosed to CoreCivic during discovery, whether the evidence is offered at trial, in motion practice, or for any other purpose. Rule 37 authorizes a wide range of sanctions for a party's failure to comply with its discovery obligations, including the authority to impose case-ending sanctions.

Allowing a mere eight days for Mr. Walls to receive a letter by mail and respond is unreasonable. *See* Mot. Ex. C (ECF No. 42-4). In the court's experience, even a 19-day turn around may not be enough for inmate mail. *See* Mot. Ex. A (ECF No. 42-2). Additionally, defendant's interrogatories are patently overbroad and seek information not remotely admissible. For example, Interrogatory Nos. 1–3 lack any time limits. Interrogatory 1 asks Walls to list specific information for any arrest and/or conviction for a felony or misdemeanor in his lifetime. Interrogatory No. 2 requests information regarding all criminal, civil, personal injury actions including for every criminal, civil and personal injury as well as workers' compensation … paternity, custody actions, mental health commitment matters and/or immigration proceedings). Interrogatory No. 16 requests Walls to list and provide specific information regarding whether he has received any form of government assistance in the last 10 years.

Defense counsel acknowledged in CoreCivic's Opposition (ECF No. 30) to Walls' motion for status conference that he was "not likely to have certain responsive documents such as his expert's files and any texts, treatises, or other documents relied upon by Walls' experts to support their opinions." Order (ECF No. 31). In fact, it is doubtful Walls even has an expert. Some of

the information CoreCivic seeks may be more efficiently and appropriately obtained through other means, such as taking his deposition or by subpoena. CoreCivic may serve a subpoena duces tecum on Walls' former counsel to obtain a copy of the client file, excluding any documents protected by the attorney-client privilege or work product privilege. The subpoena to Walls' former counsel must be served with a copy of this Order so that former counsel is aware that the court has ordered production of the non-privileged portions of the file.

To facilitate completion of discovery, the court will extend the current discovery cutoff by 90 days but will not reopen any deadline that has already closed, such as the expert disclosure deadline.

Having reviewed and considered the matters,

**IT IS ORDERED:**

1. Plaintiff Alexander Walls' Motion to Compel Discovery Materials (ECF No. 37) is **DENIED without prejudice** to serving Defendant CoreCivic with appropriate requests for production and/or interrogatories under Rules 33 and 34.
2. Defendant CoreCivic's Motion to Compel Responses to Written Discovery (ECF No. 42) is **DENIED without prejudice** to serving Plaintiff with more appropriate, narrowed, and tailored discovery requests proportional to the case and in compliance with counsel's obligations under Rule 26(g)(1)(B)(i)-(iii).
3. CoreCivic may serve a subpoena duces tecum on Mr. Walls' former counsel, John Patrick Shannon and Paul S. Padda, to obtain a copy of the client file, excluding any documents protected by the attorney-client privilege or work product privilege. Walls former counsel must be served with a copy of this Order to inform them that the court has ordered the non-privileged portions of the file to be produced. Upon receipt of the client file from Walls' former counsel, CoreCivic shall promptly produce a copy to Mr. Walls.
4. Defendant CoreCivic's Motion for Order (ECF No. 47) is **DENIED**.
5. Defendant CoreCivic's Motion to Extend Discovery (ECF No. 49) is **GRANTED**.
6. The Discovery Plan and Scheduling Order deadlines are extended as follows:

a. Close of Discovery: **June 28, 2018**.

b. The parties must serve any additional discovery requests in time for the responses to be served before the expiration of the extended discovery cutoff, allowing 30 days for the opposing side to serve responses.

c. Dispositive Motions: **July 30, 2018**

d. Joint Pretrial Order: **August 30, 2018**

e. In the event dispositive motions are timely filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

Dated this 20th day of March, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE