UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER WALLS,<br><br>                Plaintiff,<br>v.<br><br>CORECIVIC, INC.,<br><br>                Defendant. | Case No. 2:14-cv-02201-KJD-PAL<br><br>**ORDER**<br><br>(Corrections to Compl. – ECF No. 35) |

Before the court on Plaintiff Alexander Walls' document titled "Corrections Made to the Original Complaint Docket #1" (ECF No. 35) ("Corrections") filed November 13, 2017.

In the Corrections, Mr. Walls attempts to brings new allegations against Defendant CoreCivic, Inc. ("CoreCivic") and expands or corrects current allegations. Walls states that the Complaint contains omissions and a "big mistake" that he would like to correct for the record. CoreCivic filed a Response (ECF No. 39) construing the Corrections as a motion modify the scheduling order and amend the complaint. CoreCivic opposes any amendment because the deadline to amend the pleadings expired two years ago. CoreCivic argues that Walls has not shown good cause to modify the scheduling order, the proposed amendments do not relate back to the original complaint, and Walls unduly delayed seeking to amend the complaint.

On August 17, 2015, the court approved and entered the parties' joint Proposed Discovery Plan and Scheduling Order (ECF No. 17). The order set December 24, 2015, as the deadline for amending pleadings and adding parties. *Id*. at 2, ¶ 3.A.ii. Days before this deadline expired, the parties stipulated to extend other discovery deadlines, including the discovery cut-off, expert disclosures, and dispositive motions, but not the deadline to amend the pleadings. *See* Stipulation (ECF No. 20); Scheduling Order (ECF No. 22). Thus, the pleadings closed on December 24, 2015.

Mr. Walls did not respond to CoreCivic's Motion to Set New Discovery Deadlines (ECF

No. 32), filed in September 2016. That motion discussed the scheduling order deadlines CoreCivic sought to extend, including the discovery cut-off, expert disclosures, and dispositive motions. It did not ask to reopen the pleadings. When it became clear that a volunteer lawyer was not available to accept pro bono appointment, the court set new discovery deadlines. *See* Sept. 29, 2017 Order (ECF No. 34). Walls filed his Corrections six weeks later.

When a scheduling order is in effect, a request to amend the pleadings is controlled by Rule 16, rather than Rule 15.[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16 requires a showing of "good cause" to modify a scheduling order. Fed. R. Civ. P. 16(b). However, the court will not grant a request made a*fter the deadline expired* unless the movant also demonstrates that the failure to file the motion before the deadline expired was the result of *excusable neglect*. LR 26-4; LR IA 6-1(a). A movant must first establish good cause and excusable neglect to modify the scheduling order, and the court will then consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 609. If the moving party was not diligent in seeking to modify a scheduling order, "the inquiry should end." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000); *see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made).

Here, the deadline to amend the pleadings expired two years ago. Mr. Walls has not filed a motion requesting permission to amend his complaint. He filed the Corrections, but it does not ask to modify the current scheduling order in order to reopen the pleadings, provide good cause, or demonstrate excusable neglect. Because the pleadings closed in December 2015, good cause and excusable neglect are required to modify the scheduling order to allow Walls to seek permission to amend the complaint. Even if those standards were addressed, the Complaint and Corrections cannot be combined to make an amended complaint. Rather, an amended complaint

---

[1] Rule 15 requires a plaintiff to obtain either the court's permission or the defendant's written consent to amend his pleading after the defendant files an answer. *See* Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave to amend and should freely do so "when justice so requires." *Id.* However, courts may deny leave to amend if an amendment will cause: (1) undue delay, (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

2

must be complete in itself without reference to any prior pleading.  *See* LR 15-1(a).  This is because, as a general rule, an amended complaint supersedes the original complaint.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (once an amended complaint is filed, the original pleading no longer serves any function in the case).  For these reasons, to the extent Mr. Walls intended his Corrections as a request to modify the scheduling order, the request is denied.

With respect to correcting the date of the incident in which Walls was stabbed, CoreCivic acknowledges that the "Facility records show that the incident actually occurred on January 3, 2014."  *See* Resp. Ex. 1 (ECF No 30-1), CoreCivic's 1st Set of Interrogatories to Pl., at 10 n.1.  Mr. Walls may make this correction in the parties' Joint Pretrial Order when it is due.

Accordingly,

**IT IS ORDERED:** To the extent Plaintiff Alexander Walls intended his Corrections (ECF No. 35) as a request to modify the scheduling order to reopen the pleadings, the request is **DENIED**, except that Walls may correct the date of the incident in the Joint Pretrial Order when it is due.

Dated this 20th day of March, 2018.

                                            PEGGY A. LEEN
                                            UNITED STATES MAGISTRATE JUDGE