UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXANDER WALLS, | Case No. 2:14-cv-02201-KJD-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CORECIVIC, INC., | (Mot for Order Pro Bono Atty – ECF No. 59;<br>Mot. Deny MSJ & Stay Case – ECF No. 61) |
| Defendant. | |

Before the court is Plaintiff Alexander Walls' Motion Requesting an Order for Pro Bono Representation (ECF No. 59) and Motion Requesting the Court to Deny Defendants' Motion for Summary Judgment and Grant Plaintiff's Request for a 90-day Continuance to Work on Finding Counsel (ECF No. 61). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

## **BACKGROUND**

Mr. Walls is a prisoner currently in the custody of the Federal Bureau of Prisons at a facility in Pearl, Mississippi. In September 2016, the court entered an Order (ECF No. 31) granting Walls' Motion for Appointment of Counsel (ECF No. 27) and referring this case to the Pilot Pro Bono Program. The order stated the court could not guarantee a volunteer lawyer would be willing and available to accept the appointment. In addition, the court informed Walls:

> Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an indigent litigant. *The court cannot require counsel to represent a party under this statute*, or direct payment for a litigant's attorney's fees, it merely allows the court to *request* that an attorney represent an indigent litigant on a pro bono basis.

Order at 4 (ECF No. 31) (emphasis added, citation omitted).

Despite diligent attempts to find a volunteer lawyer for nearly a year, the Pilot Pro Bono Program was unable to find a lawyer willing to take this case. Order (ECF No. 34), Sept. 29, 2017. To prevent any further delay, the court reset the discovery deadlines: (a) close of discovery:

March 28, 2018; (b) expert disclosures: January 26, 2018; (c) rebuttal expert disclosures: February 26, 2018; (d) interim status report: January 26, 2018; (e) extensions or modifications of the discovery plan and scheduling order: March 8, 2018; (f) dispositive motions: April 27, 2018; and (g) joint pretrial order: May 28, 2018. *Id.*

Mr. Walls subsequently filed a document titled "Corrections Made to the Original Complaint Docket #1" (ECF No. 35) ("Corrections") in which he attempted to bring new allegations against defendant CoreCivic, Inc. ("CoreCivic") and expand or correct current allegations. Walls stated that the Complaint contains omissions and a "big mistake" that he wanted to correct for the record. The court entered an Order (ECF No. 52) on March 20, 2018, informing Mr. Walls that the deadline to amend his pleading expired in December 2015, *see* Discovery Plan and Scheduling Order (ECF No. 17). At that time, Walls had not filed a motion requesting permission to amend his complaint, asked to modify the current scheduling order in order to reopen the pleadings, provided good cause, or demonstrated excusable neglect. Order (ECF No. 52) (citing Fed. R. Civ. P. 16(b); LR 26-4; LR IA 6-1(a); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000)). Thus, to the extent Mr. Walls intended his "Corrections" as a request to modify the scheduling order and to amend the complaint, the request was denied except that he may correct the date of the incident in the Joint Pretrial Order when it is due. *Id.*

In a separate order entered the same day, the court denied the parties' motions to compel (ECF Nos. 37, 42) without prejudice, but granted CoreCivic's request to extend discovery and adjusted the deadlines as follows: close of discovery – June 28, 2018; dispositive motions – July 30, 2018; joint pretrial order – August 30, 2018. Order (ECF No. 51). Discovery is now closed.

## DISCUSSION

Mr. Walls' motion (ECF No. 59) asks the court to order pro bono representation for him, even if only temporarily, so he may properly refile a new complaint, and/or until Walls is able to find counsel once he is let back into the general prison population and he is able to network with family and gather resources. Walls argues that "attorneys have 'a duty' to the court, to help out in instances where they are needed to ensure that these cases move along." He believes it is within

the court's power to select an attorney to represent him and order the attorney "to stay and see the case all the way through." Walls requests a pro bono attorney because the original complaint was "ineffectively filed" by his previous counsel. He is unsatisfied with the complaint because it omits certain facts and possible grounds for relief. Thus, he wants pro bono counsel to help him file a complaint the proper way. In the alternative, he asks the court to allow him to file a new pro se complaint. *See also* Mot. (ECF No. 61). Lastly, Walls asks the court to order the facility to release him into general population so he can access legal materials to be able to help himself if need be.

Mr. Walls made a request for pro bono counsel in May 2016, which the court granted. Order (ECF No. 31). But the court specifically warned Walls that it could not guarantee the appointment. Unfortunately, despite a great deal of effort, the Pilot Pro Bono Program has been unable to locate a pro bono attorney willing and available to accept the appointment. In *Cooper v. City of Ashland*, 187 F.3d 646 (9th Cir. 1999), the district court granted plaintiff Mark Cooper's motion to appoint counsel and requested counsel from a panel of volunteer attorneys. However, the selected attorney declined to represent him and no other pro bono counsel was located to accept the appointment. Mr. Cooper requested a "mandatory appointment of counsel," which the court denied. Cooper appealed. The Ninth Circuit affirmed the district court's denial and acknowledged that an "unwilling attorney is not required to represent an indigent litigant in a civil case." *Id.* (citing *Mallard*, 490 U.S. at 298). The Ninth Circuit held that the district court appropriately "exercised its discretion by requesting voluntary counsel and lacked the authority to require counsel to represent Cooper." *Id.* This case presents the same scenario. The court does not have the authority to force an attorney to represent a party to a civil case on a volunteer basis. However, the pro bono request remains open should an attorney become available.

In addition, the court lacks jurisdiction to order Walls released into the general prison population. Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). This is a civil case and the Federal Bureau of Prisons is not a party. Walls' motion presents no legal basis to support the relief

he seeks. The court lacks jurisdiction to grant the requested relief; therefore, his request is denied.

Based on Mr. Walls' current segregation, the court will allow him additional time to respond to CoreCivic's Motion for Summary Judgment (ECF No. 56), filed July 30, 2018. The district judge assigned in this case, the Honorable Kent J. Dawson,[1] entered the court's standard order regarding the requirements for responding to a dispositive motion the same day. *See* Minute Order (ECF No. 57) (citing *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)). Mr. Walls should carefully read the minute order and Rule 56 of the Federal Rules of Civil Procedure to familiarize himself with the requirements for responding a motion for summary judgment.

Lastly, the court denies Walls' request to file a new pro se complaint. In March 2018, the court entered an Order (ECF No. 52) liberally construing Walls' Correction (ECF No. 35) as a request to modify the scheduling order and amend the complaint. It explained that the deadline to amend the pleadings expired in December 2015; thus, any request to amend his complaint would require a showing of good cause and excusable neglect. The Correction did not show good cause or excusable neglect. The current motion has the same deficiency. Excusable neglect exists where a party's failure to comply with a deadline was negligent. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). To determine whether a party's failure to meet a deadline constitutes excusable neglect, the court applies "a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1091 (9th Cir. 2017).

Mr. Walls' motion does not explain why he waited 27 months from filing the Notice of Appearing Pro Se (ECF No. 26) to formally request leave to amend. He merely argues his prior

---

[1] The undersigned is a federal magistrate judge. Among other assigned duties, magistrate judges "hear and determine *any pretrial matter* pending before the court." 28 U.S.C. § 636(b)(1) (emphasis added); *see also* Fed. R. Civ. P. 72 (distinguishing between non-dispositive and dispositive pretrial matters). A "dispositive" matter is one that may bring "about a final determination" in a case. *See* Black's Law Dictionary (10th ed. 2014) (defining "dispositive motion" as one requesting "a trial-court order to decide a claim or case in favor of the movant without further proceedings"). Since it is a potentially dispositive motion, CoreCivic's Motion for Summary Judgment (ECF No. 56) will be decided by Judge Dawson.

4

counsel was ineffective. Even if the court excludes the 12 months Walls waited for an attorney to be located, the additional 15-month delay is still unexplained. It is a plaintiff's responsibility to move the case toward disposition on the merits, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), and pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Although pro se litigants are generally held to less stringent standards, " 'Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se'." *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1011 (D. Haw. 2013) (quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)). Discovery in this case is now closed. CoreCivic has filed a dispositive motion. By asking to amend the complaint at this stage, Mr. Walls' motion essentially asks the court for a "do over" of the entire case. The danger of prejudice to CoreCivic is high, especially where the subject incident occurred well over four years ago in January 2014. For these reasons, the current motion fails to show good cause or excusable neglect.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Alexander Walls' Motion Requesting an Order for Pro Bono Representation (ECF No. 59) is **DENIED**.

2. Walls' Motion Requesting the Court to Deny Defendants' Motion for Summary Judgment and Grant Plaintiff's Request for a 90-day Continuance to Work on Finding Counsel (ECF No. 61) is **DENIED**; however, the court will grant Walls an extension to file a response to the summary judgment motion.

3. Mr. Walls shall have until **September 19, 2018**, to file a response to CoreCivic's Motion for Summary Judgment (ECF No. 56) in compliance with Fed. R. Civ. P. 56.

DATED this 17th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE