1
2
3
4                  UNITED STATES DISTRICT COURT
5                      DISTRICT OF NEVADA
6                              * * *
7    ALEXANDER WALLS,                    Case No. 2:14-cv-02201-KJD-PAL
8                          Plaintiff,         **ORDER**
9        v.
10   CORECIVIC, INC.,
11                         Defendant.

        Before the Court is Plaintiff Alexander Walls's Objections to Defendant's Motion for

Summary Judgment (#71) to which Defendant CoreCivic, Inc. responded (#74).

        This case arises out of a series of prison fights at the Nevada Southern Detention Center,

a corrections facility owned and operated by CoreCivic. In the second of three fights on January

3, 2014, Mr. Walls was stabbed in the left eye with a prison shank. Despite his injury, Mr. Walls

did not notify prison staff that he had been stabbed until after a subsequent cell-wide brawl.

Prison medical staff then examined the extent of Mr. Walls's injury. They determined he could

not be adequately treated in-house and transferred Mr. Walls to two different hospitals where he

received specialized care. Unfortunately, doctors were unable to save his left eye, which was

surgically removed. Mr. Walls then brought this suit claiming that CoreCivic staff negligently

delayed his medical treatment. He also claimed that CoreCivic's conduct was so extreme and

outrageous that they were liable for intentional infliction of emotional distress. Each claim was

based on Mr. Walls's belief that had CoreCivic transported him to the hospital earlier, doctors

could have saved his eye.

        This Court entered summary judgment in favor of CoreCivic on October 19, 2018. It

found that any delay in Mr. Walls's care was due to his own delay and evasion rather than any

failure by CoreCivic. Eleven days later, Mr. Walls filed objections to CoreCivic's motion for

summary judgment (#71). That filing raised three new arguments none of which appeared in his opposition to CoreCivic's motion for summary judgment. They are: (1) that CoreCivic negligently housed Mr. Walls in a prison environment "unsuitable for sex offenders;" (2) that CoreCivic's negligence caused Mr. Walls to be assaulted due to his sex-offender classification; and (3) that CoreCivic negligently failed to discover and confiscate the shank used to attack Mr. Walls. It is unclear from Mr. Walls's motion whether he now moves for summary judgment or seeks reconsideration of the Court's prior order. Regardless, Mr. Walls has not met either standard. Accordingly, the Court overrules his objections and denies his request for summary judgment.

Inasmuch as Mr. Walls's motion seeks summary judgment, it is untimely. Rule 56 allows a party to seek summary judgment at any time until thirty days after discovery has closed. Fed. R. Civ. P. 56(b). However, the Court may extend this deadline if good cause exists. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Good cause to alter a scheduling order exists where the party requesting the alteration could not file their motion despite exercising diligence. Id.; Fed. R. Civ. P. 16. A party's carelessness or mere failure to meet applicable deadlines, however, does not warrant alteration of a scheduling order. See Engleson v. Burlington Northern R. Co., 972 F.2d 1038, 1033 (9th Cir. 1992).

The Court sees no reason to extend the filing deadline to allow Mr. Walls to seek summary judgment. Discovery in this case is closed. The deadline for dispositive motions was July 30, 2018. Yet, Mr. Walls offers no reason for delaying his request for summary judgment for four months. Nor does he present evidence of a diligent attempt to seek summary judgment prior to the deadline. In fact, his current motion merely presents three conclusory, unsupported allegations that could have been pleaded at any stage of the litigation. Further, even if the Court considered the merits of Mr. Walls's motion for summary judgment, he has not presented evidence of an absence of material fact necessary to grant summary judgment in his favor. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Therefore, to the extent Mr. Walls seeks summary judgment, his motion is denied.

Likewise, Mr. Walls has failed to demonstrate grounds for reconsideration of the Court's

October 18 order granting summary judgment. Reconsideration is an "extraordinary remedy" that should be used sparingly to correct serious errors. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). As such, it is generally disfavored. LR 59-1. Due to the interests of judgment and finality, reconsideration is appropriate only where the Court has committed clear error, has been presented with newly discovered evidence, or when the controlling law has changed since judgment was entered. Kona Enter. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, reconsideration carries a high bar for relief.

Reconsideration is not appropriate where, as here, the requesting party merely raises new arguments that he reasonably could have raised earlier in the litigation. Nakatani, 342 F.3d at 945. Mr. Walls's current motion presents no evidence of error in the Court's judgment. It does not illuminate a recent change in the law governing his claims. Nor does it present any evidence that Mr. Walls could not have presented before the Court issued summary judgment. Mr. Walls had the opportunity to present each of these additional arguments prior to the close of discovery and again in his opposition to CoreCivic's motion for summary judgment but did not do so. Given that Mr. Walls has failed to demonstrate a valid reason for the Court to reconsider its October 18 order, it declines to do so.

Accordingly, it is HEREBY ORDERED that inasmuch as Mr. Walls's Objections to Defendant's Motion for Summary Judgment (#71) is itself a motion for summary judgment, it is **DENIED**;

IT IS FURTHER ORDERED that inasmuch as Mr. Walls's Objections to Defendant's Motion for Summary Judgment (#71) is a motion for reconsideration, it is **DENIED**.

Dated this 17th day of December, 2018.

_____
Kent J. Dawson
United States District Judge

- 3 -