# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER WALLS, | Case No. 2:14-cv-2201-KJD-PAL |
| Plaintiff, | ORDER |
| v. | |
| CORECIVIC, INC., d/b/a Nevada Southern Detention Center, | |
| Defendant. | |

Presently before the Court is Plaintiff's Second Motion to Reopen (ECF No. 79). No response in opposition has been filed in this long-closed case. Construing Plaintiff's *pro se* motion liberally, the Court considers Plaintiff's motion as a motion for reconsideration of its original order granting summary judgment to Defendant.

## I. BACKGROUND

This matter arises from a complaint filed by Plaintiff Alexander Walls ("Walls"), asserting state law claims of negligence and intentional infliction of emotional distress against Defendant. (ECF No. 1). In January 2014, while housed at the Nevada Southern Detention Center, a correctional facility owned and operated by Defendant CoreCivic, Inc., Plaintiff was stabbed in his left eye by another inmate. (*Id.* at 2). After the assault, a medical assessment was made of his left eye, and it was determined that Walls needed emergency medical care. (*Id.*) However, Walls alleged that despite the assessment, he had to wait five hours before being transported to the appropriate medical facility. (*Id.*) Eventually, Walls was transported to University Medical Center's trauma unit in Las Vegas to undergo eye surgery, ultimately losing the use of his left eye. (*Id.* at 2-3).

After four years of litigation, Defendant moved for summary judgment, arguing that Walls failed to demonstrate a genuine issue of material fact for either of his claims. (ECF No. 56). In addressing Defendant's motion, this Court found that no reasonable jury could determine

that CoreCivic negligently delayed Walls' treatment, and Walls failed to provide evidence that any CoreCivic employee acted in a way that was extreme or outrageous related to Walls' treatment. (ECF No. 69 at 7).  Judgment was entered in favor of Defendant, and the case was subsequently closed. (ECF No. 70). Walls did not file an appeal. Now, approximately six years later, Walls moves the Court for a second time to reopen his case.

## II.  ANALYSIS

As an initial matter, despite being titled "Motion to Extend Time" and requesting the reopening of his case, the Court liberally construes Walls' request as a motion to reconsider its grant of summary judgment under Federal Rule of Civil Procedure 60(b).[1]  *See id.*; *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) ("[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."); *see generally Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro se pleadings must be construed liberally[.]").

In his motion for reconsideration, Walls alleges he lost all contact with the Court and all of his legal documents as a result of CoreCivic's attempts to assassinate him. (ECF No. 79 at 1). Walls asserts that these assassination attempts were part of CoreCivic's plot to stop his lawsuit against them. (*Id.*)  In support of this assertion, Walls argues that he was transferred to a prison in Mississippi with the intention of being sent to the "designated kill spot." (*Id.*)  He further alleges that because he was able to "thwart" this plan against him, he was continuously shipped to various prisons across the United States, where he was placed in "imminent danger." (*Id.* at 1-3). As a result of this, Walls argues he lost all his legal paperwork pertaining to his case, as well as his ability to communicate with the Court. (*Id.* at 2-3). The Court deems Walls' assertions completely meritless.

  A.  Local Rule 7-2(a), (d)

As a general rule, a document filed *pro se* is to be liberally construed and held to less stringent standards than formal pleadings by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

[1] Construing Walls' motion as one brought dunder Rule 59(e) is automatically foreclosed by the fact that it was filed approximately six years after entry of judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

(per curiam). Nonetheless, "[a]lthough pro se, [Walls] is expected to abide by the rules of the court in which he litigates." *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). In the District of Nevada, any filed motion "must be supported by a memorandum of points and authorities." Local Rule 7-2(a). Here, Walls has failed to support his motion with a memorandum of points and authorities. (*See generally* ECF No. 79). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Therefore, Walls' failure to file a memorandum of points and authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d).

### B. Federal Rule of Civil Procedure 60(b)

Even when liberally construed, Walls' motion fails to identify any basis, fact, or argument for which relief should be granted under Rule 60(b). Under Rule 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Here, Walls' motion fails to persuade the Court that any of these reasons are applicable.

Essentially, Walls is arguing that Defendant continuously transferred him from prison to prison in an attempt to assassinate him, thereby depriving him of the ability to adjudicate his claims. (ECF No. 79 at 1-3). Yet, the docket presents a very different picture. On July 30, 2018, Defendant filed a Motion for Summary Judgment (ECF No. 56). On September 4, 2018, Walls filed a response in opposition (ECF No. 64), and on October 18, 2018, the Court granted Defendant's motion. (ECF No. 69). Subsequently, on October 30, 2018, Walls filed objections to Defendant's motion and to the Court's Order, which the Court duly addressed on December 17, 2018. (ECF No. 76). Therefore, although Walls claims in his motion that he was transferred to

Mississippi on May 7, 2018, as part of the assassination plot, it is evident that he was able to fully communicate with the Court during the period his claims were being adjudicated. As such, Walls' motion—filed roughly six years after his last communication with this Court—is completely without merit and ineligible for relief under Rule 60(b). Accordingly, Walls' motion is denied.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Second Motion to Reopen (ECF No. 79) is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court accept no more filings in this long-closed case, without prior permission of the Court, other than a notice of appeal.

DATED THIS 3rd day of January 2025.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE